TORPY, J.
Homeowner, Jerry Andrews (Appellant), challenges an order granting summary judgment and confirming an arbitration award in a dispute with pool contractor, R.C.C. Enterprises, Inc. (Appellee). We agree that the trial court appropriately entered summary judgment because there was no material fact in dispute that would have entitled Appellant to vacate the arbitration award. We, therefore, affirm that aspect of the judgment. We reverse in part, however, because we disagree with the interpretation given to the award by the trial judge in one respect.
The trial court’s order reached four conclusions: (1) that Appellant owed Appellee $2,716.82 that was immediately due and payable; (2) that upon Appellee’s completion of the punch list items set forth in the arbitrators’ award, Appellee would be due the balance of the contract of $2,126.73; (3) that if Appellee failed to complete punch list items because Appellant refused access to the property to make the repairs, then both parties would* be excused from any further performance; and, (4) that if Appellee did not complete the punch list items for reasons other than a denial of access by Appellant, then no further performance would be due by either party. It is this fourth conclusion by the trial court that we believe constitutes error.
We construe the arbitration award to require that Appellee complete the enumerated punch list items within the time specified, if given the opportunity to do so by Appellant. In the event of non-compliance by Appellee, the award does not, however, limit Appellant’s damages to the contract balance. The award simply provides that the balance of the contract is due if the work is completed. Should Ap-pellee fail to effect the repairs m a workmanlike manner within the time period prescribed, then Appellant would be entitled to present evidence to the trial court to support a money damage award, measured by the reasonable cost of repairing the items left unrepaired by Appellee.
We remand this action, therefore, with directions that the court enter an order consistent with this opinion that requires the repairs to be completed within 30 days from the date of the order.[1]
AFFIRMED in part; REVERSED in part and REMANDED.
GRIFFIN and PALMER, JJ., concur.

. Based on the representations made by Appellant at oral argument, the counterclaims brought by Appellant were abandoned. Those claims may not be resurrected on remand.